UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7223

GEORGE SAMUEL GREEN, JR.,

Plaintiff - Appellant,

versus

GENE M. JOHNSON; FRED SCHILLING, Health
Services Director, Virginia Department of
Corrections; ROBIN L. HULBER, Ph.D.,

Defendants - Appellees,

and

M. VERNON SMITH, M.D.,

Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Robert G. Doumar, Senior
District Judge. (CA-03-349)

Argued: May 27, 2005                    Decided: July 29, 2005

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Neal Lawrence Walters, Charlottesville, Virginia, for
Appellant.  Richard Carson Vorhis, Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

**ON BRIEF:** Berton W. Ashman, Jr., Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Jerry W. Kilgore, Attorney General, Richmond, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant George Samuel Green, Jr. appeals from the district court's order granting summary judgment in favor of Defendants in his 42 U.S.C.A. § 1983 (West 2003) action. For the reasons that follow, we affirm.

I.

Green applied to proceed in forma pauperis and bring this action against Defendants under § 1983. Green alleges that he has Hepatitis C and is being denied life-saving medical treatment. He seeks both injunctive and monetary relief.

In determining whether Green was entitled to proceed in forma pauperis, the district court noted that the Prison Litigation Reform Act (PLRA) prohibits a prisoner from bringing a civil action or from appealing a judgment in a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g) (West Supp. 2005). Under this statutory provision, the district court concluded that "Plaintiff has had numerous actions dismissed on the grounds that they are frivolous or fail to state a claim." J.A.

3

12. In particular, the district court pointed to "Action Numbers 2:94cv487, 2:97cv26, and 2:97cv937," as "dismissed for frivolousness or failure to state a claim." J.A. 12-13. In fact, however, two of these cases were dismissed as frivolous and one was dismissed without prejudice for failure to exhaust administrative remedies.[*] Nevertheless, the district court permitted Green to proceed because "plaintiff's current complaint may allege a situation that would place him in imminent danger of serious physical harm." J.A. 13. The district court determined that this action fell within the exception to the "three strikes" rule set forth in § 1915(g), permitting prisoners with three strikes to proceed in forma pauperis when there is an imminent danger of serious physical harm. Based upon this analysis, the district court granted Green's request to proceed in forma pauperis.

Defendants answered and filed a motion to dismiss or, in the alternative, for summary judgment. After Green responded by filing his own motion for summary judgment and memorandum opposing Defendants' motion, the district court granted summary judgment in favor of Defendants. The district court found that Green failed to provide any evidence from which a fact finder could reasonably conclude either (1) that Green was denied adequate medical care in

---

[*]Section 1997e(a) requires that inmates exhaust all administrative remedies before filing an in forma pauperis action challenging prison conditions under federal law. See 42 U.S.C.A. § 1997e(a) (West 2003).

4

violation of his rights under the Eighth Amendment against cruel and unusual punishment or (2) that the non-medical prison officials named as defendants, who relied on the expertise of the prison doctors for Green's medical treatment, acted with deliberate indifference to Green's medical needs.

From this judgment, Green appeals and raises two arguments. We reject both arguments as follows.

## II.

Green first challenges the district court's determination that a dismissal without prejudice for want of exhaustion should count as a "strike" under § 1915(g).  Green contends that an action dismissed for failure to exhaust is not a suit "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C.A. § 1915(g).

Whether an action dismissed for failure to exhaust under the PLRA amounts to a "strike" under § 1915(g) is a question of statutory construction reviewed de novo.  See United States v. Pressley, 359 F.3d 347, 349 (4th Cir. 2004).  The district court determined that Green fell within the "imminent danger of serious physical harm" exception to the three strikes rule and allowed this action to proceed to resolution on the merits of Green's claims. Even if it was error for the district court to count a dismissal for failure to exhaust as a strike under § 1915(g), therefore,

5

Green was not prejudiced by the district court's finding. We thus express no opinion as to whether the district was in error, and proceed to examine the merits of Green's appeal.

## III.

Green next argues that the district court should not have granted summary judgment to Defendants because a genuine issue of material fact existed for trial as to his § 1983 action.

We review a district court's decision to grant summary judgment <u>de novo</u>, applying the standard required under Rule 56(c) of the Federal Rules of Civil Procedure. <u>See</u> <u>Wachovia Bank v. Fed. Reserve Bank</u>, 338 F.3d 318, 320 (4th Cir. 2003). Summary judgment is proper "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (internal citations omitted). In considering a motion for summary judgment, the facts and inferences must be viewed in the light most favorable to the nonmoving party. <u>See id.</u> at 255.

We have carefully reviewed the parties' arguments, both in their briefs and at oral argument, and cannot find any evidence in the record creating a genuine issue of material fact for trial.

6

Therefore, for the reasons stated in the district court's opinion, we affirm.

AFFIRMED