[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14358
Non-Argument Calendar

_____

D. C. Docket No. 07-00015-CR-5-001-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL S. SIAU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 17, 2008)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael Siau appeals the denial of his motion to suppress grenades that were

seized during a warrantless search of his hunting stand.[1]  On appeal, Siau argues

that: (1) the district court erred in denying his suppression motion, to the extent it

was based on the search of his hunting stand, because he had a subjectively and

objectively reasonable expectation of privacy in that stand; and (2) the district

court erred in denying his suppression motion, to the extent it was based on the

search of a wrapped, but unlocked, container holding the grenades, which was

located in the hunting stand, since he had a reasonable expectation of privacy in

that box.

I.
(Search of Hunting Stand)

"We review a district court's denial of a defendant's motion to suppress

under a mixed standard of review, examining the district court's findings of fact

for clear error and the district court's application of law to those facts *de novo*."

*United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (per curiam).

The Fourth Amendment protects against unreasonable searches and seizures.

*See* U.S. Const. amend. IV.  The threshold question of whether the Fourth

Amendment applies is whether "a person has a 'constitutionally protected

---

[1] After the district court denied his suppression motion, Siau agreed to plead guilty, with the benefit of a plea agreement, to (1) illegal possession of a destructive device (grenades), in violation of 26 U.S.C. §§ 5861(c), 5871 ("Count One"); and (2) illegal possession of a destructive device (grenades) without  a serial number, in violation of 26 U.S.C. §§ 5861(i), 5871 ("Count Four").  As part of the plea agreement, Siau expressly reserved the right to challenge on appeal the denial of his suppression motion.

reasonable expectation of privacy'" under the circumstances. *California v. Ciraolo*, 476 U.S. 207, 211, 106 S. Ct. 1809, 90 L. Ed. 2d 210 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360, 88 S. Ct. 507, 516, 19 L. Ed. 2d 576 (1967) (Harlan, J., concurring)).

The party alleging an unconstitutional search "must establish both a subjective and an objective expectation of privacy. 'The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable.'" *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006) (citation omitted) (quoting *United States v. Robinson*, 62 F.3d 1325, 1328 (11th Cir. 1995)).

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error with respect to the district court's denial of Siau's suppression motion, to the extent it was based on the search of the hunting stand. Even if Siau had a subjectively reasonable expectation of privacy in the hunting stand, the district court correctly found, as an alternative holding, that society would not be prepared to recognize as reasonable such a privacy expectation.

The undisputed evidence showed that the stand was little more than a

wooden box located in the woods, with windows on three of the sides and a door on the fourth side, and while the stand was technically on private land, other hunters and non-invitees often entered the area. There was also no evidence that Siau used the stand for anything other than hunting-related activities or drinking coffee. Additionally, there was little evidence, if any, at the time of the search to suggest to any third party, who was not a member of the hunting club, that Siau attempted to restrict access to the stand or to the property on which his particular stand was located.

In light of the foregoing, we conclude that the district court's alternative holding that Siau did not have an objectively reasonable expectation of privacy in the hunting stand was correct. Accordingly, we affirm the district court's denial of Siau's suppression motion, to the extent it was based on the search of the hunting stand.

## II.
### (Search of the Box)

As an initial matter, Siau does not challenge in his brief the search of the open milk crate in which the wrapped, but unlocked, container containing the grenades was located. Thus, he has abandoned the argument on appeal. *See Dalrymple v. United States*, 460 F.3d 1318, 1324 n.6 (11th Cir. 2006) (deeming abandoned an issue not raised in the appellants' initial brief).

4

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error with respect to the denial of Siau's suppression motion to the extent it was based on the search of the wrapped, but unlocked, container holding the grenades.[2] As with the first issue we addressed, even if Siau had a subjectively reasonable expectation of privacy in the container holding the grenades, this expectation was not objectively reasonable. First, the box was located in an unlocked deer stand in the open outdoors, and that stand did not give rise to a privacy interest in which society was prepared to recognize as reasonable. Thus, any potential privacy expectation in the contents of the deer stand—which were located in plain view—was diminished significantly.

Second, the bag in which the wrapped box was located and the box itself that contained the grenades were both unsecured, and there was no writing on the bag or wrapping to identify the owner of the property or to warn third parties to keep out. Only the word "Explosive!" appeared on the box.

Third, the evidence showed that trespassers and children came onto the

---

[2] We agree with Siau that meaningful appellate review is possible, notwithstanding the district court's lack of findings regarding his expectation of privacy in the wrapped but unlocked box in which the grenades were discovered. The issue of whether a defendant, like Siau, had an objectively reasonable expectation of privacy is a question of law, and therefore is subject to de novo review. *See, e.g., United States v. Stallings*, 28 F.3d 58, 60 (8th Cir. 1994); *United States v. Garzon*, 119 F.3d 1446, 1449 (10th Cir. 1997). Because this is a legal question, and one that must be reviewed de novo, the district court's lack of findings on this issue does not preclude meaningful appellate review.

hunting club property, and a government witness testified that "[t]hings go missing quite often" from hunting stands.

In light of this evidence, society would not be willing to recognize as reasonable a privacy expectation in a wrapped box marked "Explosive!" in which grenades were located. We therefore affirm the district court's denial of Siau's suppression motion, to the extent it was based on the search of the wrapped, but unlocked, container holding the grenades.

Accordingly, we affirm Siau's convictions on Counts One and Four.

**AFFIRMED.**