[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11872
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00097-CR-WDS-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVER WENDELL EDWARDS,
a.k.a. Oliver North,
a.k.a. Oliver Enorth,
a.k.a. Oliver Dawson,
a.k.a. Oliver Moon,
a.k.a. Edward Michael Morgan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 13, 2009)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Oliver Wendell Edwards appeals his convictions and sentences for being a felon in possession of a firearm and two drug offenses. After review, we affirm.

## I. BACKGROUND

### A. Suppression Hearing and Trial

A four-count indictment charged Edwards with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), (Count I); (2) possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count II); (3) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(c) (Count III); and (4) carrying a firearm during commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count IV). As to Count I, the indictment charged that Edwards had three prior felony state convictions: (1) a 1994 conviction for violating the Georgia Controlled Substances Act; (2) a 1996 conviction for obstruction of officers; and (3) a 2003 conviction for possession of marijuana with intent to distribute.

Edwards filed a motion to suppress evidence obtained from the search of his car.[1] Officer Andrew Griffin of the Atlanta Police Department testified at the

---

[1] Edwards also filed a motion to suppress incriminating statements he made during his arrest. Edwards does not appeal the denial of that motion.

2

suppression hearing.  At the time of Edwards's arrest, Officer Griffin was working for the "Red Dog Unit," whose members worked in street-level drug suppression, wore a fatigue-like uniform, and traveled in marked police cars.

Officer Griffin testified that he and Officers Mark Cross and Richard Sperl were performing a walk-through of an apartment complex that was a known drug location.  They observed a car parked parallel to one of the buildings and facing them that contained Edwards in the driver's seat and a female passenger.  Officer Griffin testified that Edwards appeared to be pushing something down between the two front seats as the officers approached the car.   Officer Griffin saw what appeared to be a fast-food bag containing a clear plastic bag with a leafy green substance that he believed to be marijuana.  Officer Griffin explained that the fast-food bag, containing the suspected bag of marijuana, was open and visible from outside the car.  A drizzling rain was falling as they approached the car but Officer Griffin did not recall the presence of any fog or tint on the car's windows.

After viewing the suspected bag of marijuana from outside the vehicle, Officer Griffin signaled to Officer Cross to arrest the vehicle's occupants.  Officer Cross placed Edwards under arrest.  As Edwards exited the car, he slipped out of his jacket and left it in the car.  Officer Griffin thought that was unusual because it was a rainy day in January.  Edwards said that the marijuana was his and that the

3

female had nothing to do with it. Officer Griffin testified that none of the officers were questioning Edwards when he said this and they had not read him his Miranda[2] rights at that point.

Officer Cross searched Edwards's jacket and recovered a .380 caliber handgun, which was later determined to be stolen, and cocaine. The officers also recovered $549.00 from Edwards.

The district court denied Edwards's suppression motions based on its findings that: (1) Officer Griffin's testimony was credible; (2) the officers' encounter with Edwards was consensual and not a seizure because the officers merely looked into the vehicle from the outside, did not show any force or authority, and did not prevent Edwards from leaving; (3) Officer Griffin's plain-view sighting of the bag of marijuana constituted probable cause sufficient to arrest Edwards, and the officers were authorized to search Edwards's person and the vehicle's passenger compartment incident to the arrest; (4) alternatively, the automobile exception to the Fourth Amendment warrant requirement applied in this case; and (5) Edwards's statement that the marijuana belonged to him was a volunteered statement that was not the object of interrogation.

The case proceeded to a jury trial, and Officer Griffin testified at trial

---

[2]Miranda v. Arizona, 384 U.S. 436, 458-71, 86 S. Ct. 1602, 1619-26 (1966).

4

regarding Edwards's arrest.  The jury found Edwards guilty of Count I, guilty of Counts II and III as to the lesser included charges of possessing marijuana and possessing cocaine, in violation of 21 U.S.C. § 844, and not guilty of Count IV.

B.     Sentencing

The Presentence Investigation Report ("PSI") calculated an advisory guidelines range of 262 to 327 months' imprisonment based, in part, on the armed career criminal enhancement under U.S.S.G. § 4B1.4.  The PSI recommended that Edwards not receive an acceptance-of-responsibility reduction.

Edwards objected to being classified as an armed career criminal because (1) his 1996 conviction was based on an uncounseled guilty plea, and (2) his 2003 conviction was for marijuana possession and marijuana is not a controlled substance under Georgia law.  Edwards also objected to not receiving an acceptance-of-responsibility reduction.

Edwards filed a copy of his signed guilty plea in the 1996 conviction, which stated that Edwards, understanding his right to counsel, pleaded guilty.  Edwards also submitted a transcript of the 1996 guilty plea proceedings.  The transcript revealed that the state court judge explained to Edwards that "[y]ou're entitled by law to have a lawyer with you to advise with you and consult with you.  Before you do anything do you want me to appoint you a lawyer or do you want to go

5

ahead and enter your plea?"  Edwards responded, "No, I want to go ahead and enter my plea."  The state court also explained to Edwards that he had a right to a lawyer at trial and that a lawyer would be appointed for him if he could not afford one.  Edwards said he understood this.  The state court explained the charges to Edwards and determined that his plea was freely, understandingly, and voluntarily made.

At sentencing, Edwards argued that the 1996 conviction was based on an uncounseled plea and that the district court could examine whether Edwards knowingly and voluntarily waived his right to counsel and, thus, entered a valid guilty plea.  Edwards asked to testify about the 1996 state court proceedings.  The district court denied this request and initially stated that it would not consider a collateral attack on the validity of Edwards's 1996 convictions.  Edwards persisted that the court could examine the prior conviction because it was based on an uncounseled plea.  Edwards conceded that the transcript of the 1996 proceeding showed that the court offered him counsel and told him that it was free of charge, but Edwards nevertheless rejected counsel.

The district court again overruled Edwards's objection to the use of the 1996 conviction because the record showed that Edwards made a knowing waiver of his right to counsel after being advised of his right to a court-appointed lawyer.  The

6

district court also rejected Edwards's challenge to the use of his 2003 conviction.

Edwards filed a supplemental sentencing memorandum that reiterated his objections to the use of his 1996 and 2003 convictions to enhance his sentence. Edwards filed a sworn declaration regarding the 1996 conviction in which he stated, inter alia, that he was not aware of the charges he faced, his possible defenses and plea options, or the penalties he faced.

At a continuation of the sentencing hearing, the district court again denied Edwards's objections. The district court determined that Edwards did not qualify for an acceptance-of-responsibility reduction because he pled not guilty to the charges and went to trial, he had not accepted responsibility for the crimes at any time during the proceedings, and he had minimized or discredited his responsibility for his present and past crimes.

Although the district court determined that Edwards qualified as an armed career criminal, it stated that a sentence below the advisory guidelines range of 262 to 327 months' imprisonment was appropriate. The district court sentenced Edwards to concurrent sentences of 220 months' imprisonment on Count I and thirty-six months' imprisonment on Counts II and III, followed by concurrent supervised release terms of five years on Count I and three years on Counts II and III. Edwards appealed.

## II. DISCUSSION

A.     Motion to Suppress

The district court did not err in denying Edwards's suppression motion.[3] Officer Griffin's uncontroverted testimony supported the district court's finding that the officers merely approached Edwards's parked car. The officers engaged in a conversation with Edwards and did not run towards the car, brandish their weapons, or signal for Edwards to stay where he was. Based on Edwards's suspicious movements where he appeared to be hiding something between the seats of the car and the officers' subsequent viewing of what appeared to be a bag of marijuana in plain view between the front seats of the car, the officers had probable cause to arrest Edwards. See Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997). And the officers' search of Edwards's person, his jacket, and his vehicle was lawful under the exception to the warrant requirement for either searches incident to a lawful arrest, see United States v. Chaves, 169 F.3d 687, 691 (11th Cir. 1999), or automobile searches, see United States v. Alexander, 835 F.2d 1406, 1409 (11th Cir. 1988). Thus, the district court did not err in denying

---

[3]We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, examining the district court's findings of fact for clear error and the district court's application of law to those facts de novo. United States v. King, 509 F.3d 1338, 1341 (11th Cir. 2007).

8

Edwards's motion to suppress.

B.     Exclusion of Impeachment Evidence

In response to cross-examination at trial, Officer Griffin testified that Officer

Cross was not an "over-aggressive guy," as follows:

> I don't know if [Officer Cross] physically pulled [Edwards] from the car. [Cross] might have politely—[Cross] wasn't an over-aggressive guy. I mean, he looked intimidating but he wasn't the kind of guy that would force his will and authority on another person. I never saw him do that at the time that I worked with him.

Edwards later requested to use several internal affairs complaints against Officer

Cross to impeach Officer Griffin's testimony about Officer Cross. The district

court denied Edwards's request, finding the probative value of the internal affairs

reports was outweighed by their prejudicial impact.[4]

The determination of whether the probative value of evidence is

substantially outweighed by its prejudicial impact under Federal Rule of Evidence

403 "lies within the sound discretion of the district judge."[5]  United States v.

Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003) (citation and internal quotations

omitted).  Edwards conceded that the complaints of Officer Cross's alleged

aggression were unsubstantiated and that Officer Griffin had responded to, and

---

[4]Officer Cross was killed in the line of duty a few months after Edwards's arrest.

[5]The district court's decision to admit or exclude evidence is reviewed for abuse of discretion.  United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005).

denied, one of the excessive force complaints against Officer Cross. Thus, the internal affairs reports had little probative value as to whether Officer Griffin was lying about never witnessing Officer Cross acting overly aggressive or about Officer Cross not being an "over-aggressive guy" in general. See United States v. Taylor, 417 F.3d 1176, 1178-80 (11th Cir. 2005) (affirming exclusion of use of unfounded citizen's complaints against a police officer on cross-examination). Accordingly, the district court did not abuse its discretion in excluding use of the internal affairs reports.[6]

## C.   Admissibility of Expert Testimony

Edwards also argues that the district court abused its discretion by allowing Detective Thomas J. Jackson of the Atlanta Police Department to proffer expert testimony as to the chain of custody and tests performed on the substance determined to be marijuana that was found in Edwards's car.[7] Federal Rule of Evidence 702 allows "a witness qualified as an expert by knowledge, skill, experience, training, or education" to give expert testimony. Fed. R. Evid. 702.

---

[6]We also reject Edwards's argument that the internal affairs reports were admissible under Federal Rule of Evidence 607. Rule 607 provides only that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607. In any event, the reports still would be subject to a Rule 403 analysis.

[7]We review for abuse of discretion a district court's decision regarding the admissibility and reliability of expert testimony. United States v. Hamaker, 455 F.3d 1316, 1330 n.12 (11th Cir. 2006).

10

Expert testimony is admissible if (1) the expert is qualified to testify competently, (2) the expert has used a sufficiently reliable methodology in reaching a conclusion, and (3) the testimony will assist the trier of fact. City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998).

Detective Jackson testified that he had been a detective since 1995 and had worked as a narcotics investigator, in drug testing, and in the drug vault. Detective Jackson was certified as a marijuana tester by the Georgia Bureau of Investigation in 2005 after taking a sixteen-hour course on testing marijuana and an eight-hour course on marijuana identification. Detective Jackson had learned several types of standard and accepted tests in the field of marijuana testing and had tested more than one hundred samples of marijuana after being certified. In addition, Detective Jackson had testified as an expert in state court. Although Jackson had let his certification as a marijuana tester expire at the time of Edwards's trial because he was working as a drug custodian, the district court did not abuse its discretion in determining that Detective Jackson was competent to testify as an expert regarding the marijuana seized from Edwards in light of his past training, certification, and experience as a marijuana tester.

D.    Armed Career Criminal Sentence Enhancement

1.    1996 Conviction

The guidelines do not confer upon a defendant a right to collaterally attack prior convictions used to enhance his sentence.[8]  U.S.S.G. § 4A1.2 cmt. n.6; <u>see also</u> <u>Custis v. United States</u>, 511 U.S. 485, 487, 114 S. Ct. 1732, 1734 (1994); <u>United States v. Roman</u>, 989 F.2d 1117, 1119 (11th Cir. 1993).  However, in <u>Roman</u>, this Court stated that "the Supreme Court has held sentencing courts may not rely on prior convictions that are 'presumptively void.'"  989 F.2d at 1120.  Thus, "when a defendant, facing sentencing, sufficiently asserts facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account."  <u>Id.</u>  The Court declined to define fully the kinds of convictions that are presumptively void, but stated that such cases are "small in number and are perhaps limited to uncounseled convictions."  <u>Id.</u>  After <u>Roman</u>, the Supreme Court concluded that a defendant had no right to collaterally attack prior convictions used to enhance his sentence "with the sole exception of convictions obtained in violation of the right to counsel."[9]  <u>Custis</u>, 511 U.S. at 487, 114 S. Ct. at 1734.

---

[8]We review a district court's findings of fact for clear error and the application of the Guidelines to those facts <u>de novo</u>.  <u>United States v. Ndiaye</u>, 434 F.3d 1270, 1280 (11th Cir. 2006).

[9]The Supreme Court stated that the "failure to appoint counsel for an indigent defendant was a unique constitutional defect" and declined to extend the exception for collateral attacks further. <u>Custis</u>, 511 U.S. at 496, 114 S. Ct. at 1738.  Thus, the Supreme Court declined to allow the defendant to challenge his prior convictions based on ineffective assistance of counsel, an invalid guilty plea, and inadequate advisement of his rights in opting for a stipulated facts trial because "[n]one of these alleged constitutional violations rises to the level of a jurisdictional defect resulting

12

Here, Edwards has not shown his 1996 conviction was obtained in violation of his right to counsel. In fact, the transcript of the 1996 proceedings shows just the opposite. The transcript shows that the state court advised Edwards of the charges against him and that he was entitled to have a lawyer appointed by the court to represent him for free. Edwards stated that he wanted to plead without having a lawyer represent him. Additionally, Edwards had experience with the legal system prior to his 1996 proceeding. According to the PSI, Edwards had been in state court and represented by counsel on four separate occasions before 1996. Edwards has not asserted that he did not understand his right to counsel. Based on the reasons above, we agree with the district court's determination that Edwards failed to establish that his waiver of counsel was not knowing and voluntary.

2. 2003 Conviction

We also agree with the district court's determination that Edwards's 2003 felony conviction for possessing marijuana was a "serious drug offense" for purposes of the armed-career-criminal enhancement. Marijuana is a controlled substance under federal law. See 21 U.S.C. §§ 802(6), 812, Schedule I(c)(10). It is immaterial whether marijuana is a controlled substance under Georgia law

_____

from the failure to appoint counsel at all." Id.

13

because the guidelines are governed by definitions in federal law, not state law. See United States v. Simon, 168 F.3d 1271, 1272 (11th Cir. 1999) (stating that "federal, not state, definitions govern under the Guidelines")  abrogated on other grounds by Lopez v. Gonzales, 549 U.S. 47, 55-56, 127 S. Ct. 625, 630-31 (2006); United States v. Tamayo, 80 F.3d 1514, 1523 (11th Cir. 1996) (stating that the definition of a valid conviction for calculating criminal history under the guidelines is governed by federal law).

E.      Acceptance of Responsibility Reduction

The district court also did not err when it denied Edwards a three-level reduction for acceptance of responsibility.[10]  Edwards argued to the jury that he was not guilty of the crimes.[11]  At sentencing, he also never admitted to committing the crimes and persisted that the officers had lied about the events surrounding his arrest.  In light of these facts, the district court did not err in denying Edwards the three-level reduction for acceptance of responsibility.

---

[10]This Court reviews a district court's factual findings concerning acceptance of responsibility for clear error.  United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005).  "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility."  United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999).

[11]Although Edwards insists that he went to trial only to preserve his suppression and sentencing issues, he could have pled guilty and reserved the right to appeal those issues. See, e.g., United States  v. Prevo, 435 F.3d 1343, 1345 (11th Cir. 2006) (conditioning plea on retaining the right to appeal the district court's denial of a motion to suppress).

14

## III.  CONCLUSION

Based on the reasons above, we affirm Edwards's convictions and his 220-month sentence.

**AFFIRMED.**