[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13756
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00031-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OCTAVIUS LEE DURDLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 9, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Octavius Durdley appeals his conviction for receipt or distribution, or attempted receipt or distribution, of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and his conviction for possession of child pornography, in violation of § 2252A(a)(5)(B) and (b)(2). Durdley raises several issues on appeal, which we address in turn. After review, we affirm Durdley's convictions.

I.

Durdley first argues the district court erred in denying his motion to suppress.[1] Specifically, Durdley argues his Fourth Amendment rights were violated when: (1) his supervisor, a county employee, searched a thumb drive Durdley left in a county-owned, common-use computer; (2) law enforcement's subsequent review of the thumb drive exceeded the scope of the supervisor's initial search of the thumb drive; and (3) the search warrant affidavit relating to Durdley's residence included false and misleading information from Bradford County Sheriff Detective Kevin Mueller.

---

[1]We review the district court's denial of a motion to suppress under a mixed standard of review, reviewing the district court's findings of fact for clear error and the application of law *de novo*. *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007). In reviewing a motion to suppress, "all facts are construed in the light most favorable to the party prevailing in the district court." *United States v. Ramirez*, 476 F.3d 1231, 1235-36 (11th Cir. 2007). We review whether an affidavit established probable cause *de novo* and findings of historical fact for clear error. *United States v. Jiminez*, 224 F.3d 1243, 1248 (11th Cir. 2000).

When alleging an unconstitutional search, the party challenging the search "must establish both a subjective and an objective expectation of privacy. The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (citation and quotation omitted). We have held that the threshold issue is whether the defendant had a legitimate expectation of privacy. *Id.*

With regard to the validity of a search warrant affidavit, in order to establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation and quotation omitted). "Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Id.* With respect to the affidavit supporting a search warrant, there is a presumption of validity. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The Fourth Amendment is violated if, however, the warrant is obtained by using a false statement made intentionally or recklessly. *Id.* at 155-56. "In the event that . . . the allegation of perjury or

reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156.

We conclude Durdley did not have a reasonable expectation of privacy in the thumb drive he left in a county-owned, common-use computer. *See King*, 509 F.3d at 1341 (holding a defendant did not have a reasonable expectation of privacy in the contents of his laptop, which contained child pornography, when he connected the laptop to his military base's computer network). Furthermore, the search warrant affidavit supported a finding of probable cause to search Durdley's residence, even if the statements regarding Detective Mueller's training and experience are redacted. Therefore, we conclude the district court did not err when it denied Durdley's motion to suppress.

## II.

Next, Durdley argues the evidence at trial was insufficient to support a conviction because the Government failed to prove the child pornography had affected interstate or foreign commerce.[2]

Under § 2252A(a)(2)(A), it is unlawful for any person to knowingly receive or distribute "any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(2)(A). Under § 2252A(a)(5)(B), it is unlawful when a person:

> knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

*Id.* § 2252A(a)(5)(B).

---

[2]We review "*de novo* whether sufficient evidence supports a conviction, resolving all reasonable inferences in favor of the verdict." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir.), *cert. denied*, 562 U.S. -- (2010). When considering a sufficiency challenge, we "must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* (quotation omitted).

We conclude that the evidence at trial was sufficient to support Durdley's convictions for receipt or distribution, or attempted receipt or distribution, of child pornography, and for possession of child pornography. *See United States v. Maxwell*, 466 F.3d 1210, 1211-12, 1219 (11th Cir. 2006) (upholding a conviction that was based upon the government satisfying the jurisdictional element by showing that the equipment used to store the child pornography was involved in interstate commerce).

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**