[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10983
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00083-MHT-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN DARCY GOLDEN,
a.k.a. Kevin Golden,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 20, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Kevin Golden appeals the district court's denial of his motion to suppress evidence that led to him entering a guilty plea to 2 of 16 counts of production of child pornography. Golden received 360-months imprisonment while retaining his right to appeal the district court's denial of his motion to suppress evidence. The evidence Golden seeks to suppress is a warrant affidavit, which led to the discovery of the pornographic materials in question. The warrant was issued with the intent of collecting evidence of sexual abuse of a child less than 12 years of age. *See* Ala. Code § 13A-6-69.1 (1975). The affidavit mainly relied on statements from the victim of the aforementioned crime along with additional facts supplemented by the child's father. The crucial facts alleged Golden took pictures of the then 11-year-old victim while simultaneously removing the child's clothing. Golden argues on appeal that (1) the affidavit did not establish the reliability and credibility of the statements of the minor victim because the statements of the child were uncorroborated and inherently unreliable and (2) there was an insufficient nexus between the suspected offense in the affidavit and the evidence sought to be

2

seized. After review,[1] we affirm the district court's denial of Golden's motion to suppress.

Probable cause for a search warrant is established when the "totality of the circumstances" creates a "fair probability" that "evidence of a crime will be found in a particular place." *United States v. Lopez*, 649 F.3d 1222, 1245 (11th Cir. 2011) (citations omitted) (internal quotation marks omitted). Such a probability exists when, under the circumstances, a reasonably prudent person would believe that the place contains evidence of a crime. *Id*. When a warrant is sought based on information provided by an informant, the issuing court engages in a "balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip." *Illinois v. Gates*, 462 U.S. 213, 234 (1983). While "an informant's 'veracity,' 'reliability' and 'basis of knowledge' are all highly relevant in determining the value of his report," they are not "entirely separate and independent requirements to be rigidly exacted in every case." *Id*. at 230.

When a warrant was issued based on the statement of a victim, this Court views the warrant with considerably less skepticism than one based on the

---

[1] "We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, examining the district court's findings of fact for clear error and the district court's application of law to those facts *de novo*." *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (citations omitted). Specifically, "[w]e review *de novo* whether the facts set forth in an affidavit constitute a sufficient basis for a finding of probable cause." *United States v. Lopez*, 649 F.3d 1222, 1245 (11th Cir. 2011) (citations omitted).

statement of an anonymous informant. *United States v. Martinelli*, 454 F.3d 1300, 1307 (11th Cir. 2006). In the distinguishable context of a civil suit, this Court previously opined that statements of minor victims are not categorically unreliable or incredible, and that officers may seek a warrant based on the uncorroborated statement of a minor victim. *See Lowe v. Aldridge*, 958 F.2d 1565, 1567, 1571 (11th Cir. 1992).

Golden has failed to prove the statements in the affidavit were in any way unreliable or lacked credibility. The information provided by the victim in this case was detailed, prompt, and certain facts were corroborated by the victim's father. Further, the victim was not a young child but rather an 11-year-old fully capable of understanding the gravity of the situation. The child and child's parents had no motive to falsify any information contained in the affidavit and rapidly reported the incident to police. Finally, the uncorroborated statements of the victim, despite being 11 years old, is more than sufficient to justify a finding of probable cause, especially when considering the child's level of specificity and timeliness in reporting.

Golden's argument that there was an insufficient nexus between the conduct alleged in the affidavit and the evidence sought to be seized is unpersuasive. The Fourth Amendment requires a nexus between the item seized and the suspected criminal behavior. *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967).

4

The nexus is clearly established in this case. The search warrant authorized officers to search Golden's residence for evidence of sexual abuse of a child less than 12 years of age. *See* Ala. Code § 13A-6-69.1. Investigators were authorized to seize "any electronic device capable of storing, capturing, recording, or viewing digital images" for evidence of "sexual contact" with the victim. *See id.* Sexual contact is defined as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Ala. Code § 13A-6-60(3). Since the victim believed pictures were taken after hearing clicking noises and seeing flashes of light while being inappropriately touched by Golden, a search for electronic devices capable of storing visual evidence of his illicit conduct constitutes more than a sufficient nexus between the allegation and the electronic evidence sought to be seized. Therefore, Golden's motion to suppress was properly denied.

**AFFIRMED.**