[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13400
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00134-LGW-GRS-1

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

GERALD MICHAEL ORTEGA,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 8, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Gerald Ortega appeals his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Ortega pleaded guilty to the charge on the condition that he reserved his right to appeal the district court's adverse ruling on a pre-trial motion to suppress. On appeal, Ortega argues that the district court erred by failing to suppress evidence obtained pursuant to a search warrant authorizing a search of his residence. Ortega argues that a subpoena issued to Comcast which provided the information supporting probable cause was issued without authorization and in violation of state or federal law. Ortega also argues that the affidavit attached to the search warrant application contained misstatements and omissions that rendered the probable cause determination void.

We use a mixed standard of review when reviewing a district court's denial of a motion to suppress, examining findings of fact for clear error and the application of law to those facts *de novo*. *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007).

The exclusionary rule is a Court-created "sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231-32 (2011). The rule's "sole purpose" is to "deter future Fourth Amendment violations." *Id.* at 236-37. Application of the exclusionary rule requires that the challenged police conduct violate the

2

defendant's federal constitutional rights. *Hudson v. Michigan*, 547 U.S. 586, 592 (2006).

"[F]ederal law, not state law, governs the admissibility of evidence in federal court and complaints that the evidence was obtained in violation of state law are of no effect." *United States v. Noriega*, 676 F.3d 1252, 1263 n.4. (11th Cir. 2012) (quotation omitted). As for violations of federal law, we followed many other Circuits when we held that "statutory violations by themselves are insufficient to justify the exclusion of evidence obtained in that manner." *United States v. Thompson*, 936 F.2d 1249, 1251 (11th Cir. 1991). The defendant, we held, "would have to show that Congress had provided such a remedy for violation of the statute, either specifically or by inference . . .. When Congress specifically designates a remedy for one of its acts, courts generally presume that it engaged in the necessary balancing of interests in determining what the appropriate penalty should be." *Id.* at 1251-52.

The Electronic Communications Privacy Act ("ECPA") provides that law enforcement only may require disclosure of subscriber information under certain, limited circumstances, including when there is (1) a warrant, (2) a court order, (3) consent of the subscriber, or (4) an administrative subpoena. 18 U.S.C. § 2703(c). Sections 2707 and 2712 provide that a civil action is the appropriate remedy for a violation of § 2703, unless criminal prosecution is pursued against a wrongdoer per

§ 2701. Section 2708 provides that remedies described in the chapter are the only judicial remedies and sanctions for nonconstitutional violations of the chapter.

The party alleging an unconstitutional search "must establish both a subjective and objective expectation of privacy. The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006) (quoting *United States v. Robinson*, 63 F.3d 1325, 1328 (11th Cir. 1995).

The Supreme Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979). We recently applied the *Smith* reasoning to newer technologies in *United States v. Davis*, 785 F.3d 498, 511 (11th Cir. 2015), holding that the defendant had no reasonable expectation of privacy in a phone company's business records which included cell tower location data. We have also held that a person does not have a legitimate expectation of privacy to phone and fax numbers dialed. *Rehburg v. Paulk*, 611 F.3d 828, 843 (11th Cir. 2010).

A defendant may challenge the veracity of a search warrant using the standard set forth in *Franks v. Delaware*, 438 U.S. 154 (1978). First, the

4

defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Id.* at 155-56.  Then, the defendant must show that the "allegedly false statement is necessary to the finding of probable cause." *Id.* at 156.   In those cases, the Fourth Amendment requires that a hearing be held where the court must determine whether probable cause would still exist if the alleged misstatements were excised from the affidavit.  *Id.*

"The reasoning in *Franks* also applies to information omitted from warrant affidavits."  *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997).

> [A] warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit. A party need not show by direct evidence that the affiant makes an omission recklessly. Rather, it is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself. Omissions that are not reckless, but are instead negligent, or insignificant and immaterial, will not invalidate a warrant. Indeed, even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause.

*Id.* at 1326-27  (citations and quotations omitted).  "The defendant bears the burden of showing that, absent those misrepresentations or omissions, probable cause would have been lacking."  *United States v. Kapordelis*, 569 F.3d 1291 (11th Cir.

5

2009) (citation and quotation omitted).  *See also United States v. Steiger*, 318 F.3d 1039, 1045-46 (11th Cir. 2003).

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999).  We give "great deference to a lower court judge's determination of probable cause." *Id.*  (quotation and alteration omitted).

The district court did not err when it denied Ortega's motion to suppress.  In order to justify the use of the exclusionary rule, Ortega had to show that he suffered a constitutional violation.  Mere violation of a state or federal statute when seeking the subpoena from Comcast does not rise to the level of a Fourth Amendment violation because Ortega had no reasonable expectation of privacy in subscriber information that was voluntarily transmitted and stored by the third party internet service provider.  Further, Ortega does not show that information was omitted by the affiant in the warrant affidavit with reckless disregard for the truth.  The deputy was not required to include information that he believed was immaterial to the probable cause determination.  Even including the information that Ortega alleges was wrongfully omitted would not have altered the probable cause finding.  Based on the facts laid out in the affidavit, there was a fair probability that law enforcement would find evidence of possession of child

6

pornography at Ortega's residence.  Accordingly, we affirm the district court's denial of the motion to suppress.

**AFFIRMED.**