**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/11/99
THOMAS  K. KAHN
CLERK

No. 97-6418

D. C. Docket No. 96-00224-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JAMES RICHARDSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

(February 11, 1999)

Before DUBINA and BARKETT, Circuit Judges, and JONES*, Senior Circuit Judge.

DUBINA, Circuit Judge:

_____

*Honorable Nathaniel R. Jones, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

Appellant, Anthony James Richardson ("Richardson"), appeals his sentence imposed by the district court under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e) (1984), for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). For the reasons stated below, we vacate his sentence and remand for resentencing.

## I. BACKGROUND FACTS

Richardson possessed a firearm as a felon on December 31, 1995 ("the § 922(g) violation"). He pleaded guilty in January 1997 and was sentenced in April 1997. The presentence investigation report ("PSI") stated that Richardson qualified for an enhanced penalty under the ACCA as an armed career criminal because he had "three prior violent felony convictions committed on different occasions from one another (¶¶ 28, 29, & 33)." (PSI ¶ 20). The citation to ¶ 28 refers to one burglary conviction from Washington County, Alabama. The citation to ¶ 29 refers to Richardson's conviction on two counts of burglary from Clark County ("the Clarke County burglaries"), for which the PSI shows one arrest date and joint adjudication but no facts as to the underlying conduct. The citation to ¶ 33 refers to a drug conviction, for which Richardson was arrested on March 9, 1996, and convicted on October 21, 1996.

It is uncontroverted that the arrest and conviction for the drug offense in 1996 occurred after commission of the § 922(g) offense in 1995, but before judgment and sentencing for the § 922(g) offense in 1997. In response to a sentencing objection, the probation officer again relied on the drug offense and again counted the Clarke County

2

burglaries as only one conviction: "Richardson has three prior . . . convictions committed on different occasions from one another. These convictions are burglary, third degree, Washington County, Alabama; burglary, third degree, Clarke County, Alabama; and unlawful distribution of a controlled substance, Washington County, Alabama." (PSI Addendum at 1). The district court adopted the findings contained in the PSI.

Richardson argues on appeal that the district court erroneously relied on his drug conviction in sentencing him as an armed career criminal because it occurred after his violation of § 922(g). Richardson concedes that the appropriate standard of review on appeal is plain error because he failed to raise this argument in the district court. The government admits that the 1996 drug offense does not qualify as a "previous conviction" under the ACCA; however, the government argues that the district court did not specify the convictions on which it relied and that the record clearly shows three previous burglary convictions prior to December 31, 1995. Richardson replies that the district court properly did not assume that the Clarke County burglaries were separate offenses because the record contained insufficient evidence about the underlying conduct.

## II. ISSUE

Whether the district court committed plain error in relying on a 1996 drug conviction to enhance Richardson's sentence for a 1995 violation of 18 U.S.C. § 922(g).

3

## III.  STANDARD OF REVIEW

A sentencing issue not raised in the district court is reviewed for plain error, or error that is clear or obvious and affects substantial rights.  See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).

## IV.  DISCUSSION

The issue presented in this appeal is one of first impression in this circuit.  All of the circuits to consider the issue have held, however, that "previous convictions" means convictions obtained prior to the violation of § 922(g).  United States v. Hobbs, 136 F.3d 384, 387-388 n.3 (4th Cir. 1998), cert. denied, 118 S.Ct. 2358 (1998); United States v. Jefferson, 88 F.3d 240, 243 (3rd  Cir. 1996); United States v. Talley, 16 F.3d 972, 977 (8th Cir. 1994); and United States v. Garner, 32 F.3d 1305, 1312 (8th Cir. 1994).  We agree with the reasoning of our sister circuits and hold that a conviction is "previous" to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for that violation.  Indeed, we agree with the Eighth Circuit that this interpretation of "previous convictions" is "the only reasonable interpretation of the plain words of § 924(e)."  Talley, 16 F.3d at 977.

In the present case, the findings in the PSI, which the district court adopted, show reliance on the 1996 drug conviction as a predicate offense under the ACCA.  The 1996 drug conviction was not previous to Richardson's violation of § 922(g) in 1995.  It was only previous to his § 922(g) conviction and sentencing in 1997.  Accordingly, since the drug conviction occurred after Richard's violation of § 922(g), the district court erred in

4

relying on that conviction to enhance his sentence. This error affected Richardson's substantial rights because his sentencing range was 180-188 months under the ACCA, much greater than the unenhanced range of 70 to 87 months. See U.S.S.G. Ch.5, Pt.A, sentencing table (offense level 21, criminal-history category V); (see PSI ¶¶ 14-23, 34); see also Chisholm, 73 F.3d at 307 (to constitute "plain error," a newly raised error must affect substantial rights).

Because we conclude that the district court's reliance on the drug conviction was plain error, the only possible basis for application of the ACCA is a determination that the Clarke County burglaries were two separate criminal episodes. The record is insufficient for us to make this determination. This court has interpreted the ACCA to require that the three predicate convictions arise out of a "separate and distinct `criminal episode.'" United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998). See United States v. Greene, 810 F.2d 999, 1000 (11th Cir. 1986). The PSI provides only that Richardson was arrested for the two burglaries on the same day, February 8, 1990, that they were adjudicated jointly, and the state court assigned two case numbers. On remand, the district court is not precluded from soliciting facts about the Clarke County burglaries to determine whether they are separate convictions for the purpose of applying the ACCA.

For the foregoing reasons, we vacate Richardson's sentence and remand this case for further proceedings consistent with this opinion.

VACATED and REMANDED.