**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TERRY B. PRESSLEY, a/k/a Big Troop,
a/k/a Troop,

*Defendant-Appellant.*

No. 02-4769

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-01-112)

Argued: January 23, 2004

Decided: February 27, 2004

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

Vacated and remanded by published opinion. Judge Motz wrote the
opinion, in which Judge Widener and Judge Gregory joined.

## COUNSEL

**ARGUED:** C. Gordon McBride, Hartsville, South Carolina, for
Appellant. Alfred William Walker Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee. **ON BRIEF:** J.
Strom Thurmond, Jr., United States Attorney, Florence, South Caro-
lina, for Appellee.

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Terry B. Pressley appeals the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1994). He contends that the district court erred in concluding that his prior conviction for common law breach of the peace constituted a "previous conviction" within the meaning of § 924(e). Because this conviction occurred after he committed the instant offense, and thus does not qualify as a previous conviction, we vacate Pressley's sentence and remand for resentencing.

I.

Pressley was arrested on May 28, 1999, and later indicted for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). On February 26, 2001, he pleaded guilty to this charge pursuant to a written plea agreement.

In its first three presentence reports ("PSR"), the Probation Office designated Pressley an armed career criminal subject to the fifteen-year minimum sentence mandated by 18 U.S.C. § 924(e). The reports identified Pressley's three "previous convictions" as: (1) a 1990 conviction for possession with the intent to distribute cocaine; (2) a 1992 conviction for possession with the intent to distribute cocaine; and (3) a 1992 escape conviction. Pressley noted his objection to the categorization of his escape conviction as a "previous conviction," and the Probation Office ultimately agreed. Because Pressley was then left with only two qualifying predicate convictions, the Probation Office did not classify Pressley as an armed career criminal in the final PSR.[1] At sentencing, the district court agreed that the escape conviction could not count as the third predicate conviction.

The district court then considered the Government's alternative argument that Pressley nonetheless qualified for armed career crimi-

---

[1]Pressley concedes that the two drug convictions constitute qualifying convictions under § 924(e).

nal status based on his March 22, 2001 breach of peace conviction, which arose from acts occurring on August 26, 1999. Pressley contended that the breach of peace conviction did not qualify as a predicate conviction because it occurred *after* the § 922(g) offense for which he was being sentenced, and, in any event, was not the sort of offense — a "violent felony" or "serious drug offense" — that counted for § 924(e) purposes. The district court disagreed and ultimately classified Pressley as an armed career criminal. On September 11, 2002, the court sentenced Pressley to 211 months of imprisonment; without the armed career criminal enhancement, a violation of § 922(g) carries a maximum sentence of ten years or 120 months. 18 U.S.C. § 924(a)(2).

## II.

The question before us is whether Pressley's breach of peace conviction, obtained after he violated § 922(g), constitutes a "previous conviction" under § 924(e). Pressley argues that only convictions in place at the time a defendant *commits* a § 922(g) offense qualify as "previous convictions," while the Government maintains that "previous convictions" include all convictions sustained before a defendant is *sentenced* for a § 922(g) violation.[2] We review questions of statutory construction *de novo*. *See United States v. Linney*, 134 F.3d 274, 282 (4th Cir. 1998).

To discern congressional intent, we begin, as always, with the plain text of the statute. *See Williams v. Taylor*, 529 U.S. 420, 431 (2000). Under this first "cardinal canon" of construction, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). And "[w]hen the words of a statute are unambiguous . . . this first canon is also the last: judicial inquiry is complete." *Id.* at 254 (internal quotation marks and citations omitted).

---

[2]Pressley also argues that the district court erred in characterizing his breach of peace conviction as a "violent felony." Because we find that the breach of peace conviction does not constitute a "previous conviction," and thus cannot serve as a predicate offense for § 924(e) purposes, we need not reach this question.

With these well-established principles in mind, we turn to the text of § 924(e)(1) which states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1) (1994). Thus, the plain text dictates that the relevant act bringing a "violent felony or serious drug offense" within the purview of § 924(e)(1) is the "conviction." So, until a defendant is actually *convicted* of three applicable offenses, this sentencing enhancement statute remains inoperative. Further, even if there is a "conviction" for a "violent felony or serious drug offense," it will not be counted for purposes of the statute unless it is "previous."

The only remaining question then is what event this "previous conviction" must precede. The plain language of the statute also provides this answer — the § 922(g) violation. While the statute explicitly refers to previous *convictions* when discussing the predicate offenses, it looks to "a person who *violates* section 922(g)" when discussing the instant offense. § 924(e)(1)(emphasis added); *see also United States v. Balascsak*, 873 F.2d 673, 679 (3d Cir. 1989)(en banc)(noting that the only "antecedent events mentioned" in the predecessor statute to § 924(e) were the "receipt, possession, or transportation of a firearm," and that to give full meaning to the statute, the three previous convictions "must have occurred prior to the time the defendant received the firearm"). Since the only reference in the statute to the § 922(g) offense speaks of a § 922(g) *violation*, the plain text dictates that this violation serves as the event which the "previous convictions" must precede.[3]

---

[3]Perhaps because of the clarity of the statutory language, not even the Government contends (and no court has held) that the § 922(g) *conviction* date is the operative event. Regardless, such a contention would be immaterial here; Pressley's breach of peace conviction post-dated his § 922(g) conviction.

Moreover, if we were to adopt the Government's interpretation — that any convictions obtained prior to sentencing qualify as "previous convictions" — we would be violating a cardinal rule of statutory construction by reading the term "previous" out of the statute. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001)("We are . . . reluctant to treat statutory terms as surplusage in any setting.")(internal quotation marks and citations omitted). Because the Government's approach incorporates *all* convictions existing at the time of sentencing, when this provision is applied, every conviction would, by definition, be "previous," rendering inclusion of the word "previous" in § 924(e) entirely unnecessary. *See United States v. Talley*, 16 F.3d 972, 975-76 (8th Cir. 1994) ("If *previous convictions* meant those convictions a defendant had accumulated prior to sentencing, Congress could have omitted the word *previous* because, at sentencing, a district court could never consider *convictions* not yet in existence.")(emphases in original). We decline to treat the word "previous" as mere surplusage.

Rather than attempt to reconcile its interpretation of § 924(e) with the statute's plain language, the Government instead fashions an argument resting on the "character" of the statute. The Government argues that because § 924(e) is a sentencing provision, and therefore applied at the time of sentencing, it must necessarily reference all convictions sustained prior to the date of sentencing. In particular, the Government contends that to ensure consistency within the Sentencing Guidelines, the timing sequence in § 924(e) should mirror that used to compute a defendant's criminal history under the Guidelines. For criminal history purposes, § 4A1.2 of the Guidelines defines "prior sentences" as all those imposed prior to sentencing on the instant offense. *See* U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.1 (2003).

This argument fails. Not only does § 4A1.2 define a different term ("prior *sentences*") than that at issue in § 924(e) ("previous *convictions*"), but also the far more analogous guideline governing career offenders expressly defines "previous . . . convictions" as those occurring prior to the instant *offense*. *See* U.S. Sentencing Guidelines Manual § 4B1.2(c)(providing that "two prior felony convictions means

[that] the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions").[4]

Besides failing to persuade, the Government's argument, which rests on assumptions drawn from outside the text, is of no moment because "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1, 6 (2000)(internal quotation marks and citations omitted). Far from being "absurd," the approach dictated by the text — that the § 922(g) violation date controls — represents the most logical and compelling rule. Unlike the sentencing date, the violation date is not subject to the whims of the court's docket nor vulnerable to manipulation by either party. Rather, it would be "absurd" to adopt an interpretation, not supported by the plain text of the statute, which would subject a defendant to a mandatory fifteen-year minimum sentence based on the mere fortuity of his sentencing date.

We note that every other circuit to consider this question has arrived at the same conclusion. *United States v. Richardson*, 166 F.3d 1360, 1361 (11th Cir. 1999); *United States v. Garner*, 32 F.3d 1305, 1312 (8th Cir. 1994); *Talley*, 16 F.3d at 977; *Balascsak*, 873 F.2d at 679 (interpreting predecessor statute, 18 U.S.C. § 1202(a)(1982)). In fact, when appearing before the Eleventh Circuit in *Richardson*, the Government itself conceded that a conviction obtained after a § 922(g) violation does not qualify as a "previous conviction" under § 924(e). *Richardson*, 166 F.3d at 1361.

In *United States v. Hobbs*, 136 F.3d 384, 387 n.3 (4th Cir. 1998), we followed the lead of these courts by noting, albeit in dicta, that the defendant's armed robbery conviction did not constitute a "previous conviction" under § 924(e) because it "occurred after the instant offense."[5] We now join our sister circuits in holding that § 924(e)

---

[4]We do not suggest that the definition of "previous convictions" in § 4B1.2 governs in interpreting that term in § 924(e), only that if a court is to look to the Guidelines, § 4B1.2 provides a closer analogue than § 4A1.2.

[5]We recognize that we reached a contrary conclusion in *United States v. Hamilton*, No. 93-5393, 1994 WL 381735 (4th Cir. July 22, 1994)(per

applies only to defendants with three predicate convictions in place prior to violating § 922(g).

In this case, Pressley was not convicted of breaching the peace until March 22, 2001, one year and ten months *after* he violated § 922(g). J.A. 180, 187. As a result, the breach of peace conviction does not constitute a "previous conviction" and thus cannot count as Pressley's third predicate conviction under § 924(e). With only two qualifying convictions, Pressley cannot be deemed an armed career criminal and should not have been sentenced as such.[6] Accordingly, we vacate Pressley's sentence and remand for resentencing consistent with this opinion.

*VACATED AND REMANDED*

curiam). But, of course, this unpublished per curiam opinion does not constitute binding precedent in this circuit. *See* 4th Cir. R. 36(c); *see also United States v. Ruhe*, 191 F.3d 376, 392 (4th Cir. 1999). Moreover, we do not find the rationale in *Hamilton*, which rests on distinctions drawn between § 924(e) and U.S.S.G. § 4B1.4, persuasive.

[6]The Government argues in the alternative that Pressley's escape conviction qualifies as the third predicate offense. This argument is without merit. At the time of Pressley's conviction, escape was a misdemeanor under South Carolina law punishable by not less than six months and not more than two years. *See* S.C. Code Ann. § 24-13-410 (Law. Co-op. 1991). Pursuant to 18 U.S.C. § 921(a)(20)(B), an offense classified by the state as a misdemeanor and punishable by a term of imprisonment of two years or less does not qualify as a "violent felony." That the South Carolina statute required all escape sentences to run consecutively is immaterial. Whatever the total incarceration period, the "term of imprisonment" for the escape conviction (the only relevant conviction) still could not exceed two years. Thus, the escape conviction does not qualify as a third predicate conviction.