[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10973
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00039-CR-4-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFF LEONARD MERYL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 9, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Cliff Leonard Meryl appeals from his convictions and 37-month total

sentence for distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C)

(Count 1); possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2) (Count 4); and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 5). On appeal, Meryl argues that the district court erred in: (1) denying his motion to suppress the firearm found by police at his residence upon execution of a search warrant because the search warrant affidavit did not give the police probable cause for the search; and (2) applying the four-level enhancement for possession of a firearm in connection with another felony, under U.S.S.G. § 2K2.1(b)(6), because it relied on judge-found facts to impose the enhancement, in violation of the Sixth Amendment. After careful review, we affirm.

"In reviewing a district court's ruling on a motion to suppress, we review findings of fact for clear error and the application of the law to those facts de novo." United States v. Martinelli, 454 F.3d 1300, 1306 (11th Cir. 2006). In reviewing whether an affidavit established probable cause, we give due weight to inferences drawn from findings of fact by resident judges and local law enforcement officers. United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000). In considering sentencing issues, we review the district court's findings of fact for clear error, and its conclusions of law, including application of the sentencing guidelines, de novo. United States v. Hunter, 172 F.3d 1307, 1308 (11th Cir. 1999). "A sentencing issue not raised in the district court is reviewed for

plain error." United States v. Richardson, 166 F.3d 1360, 1361 (11th Cir. 1999). Under the plain error standard, we will correct an error only if there is: (1) error; (2) that is plain or obvious; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding. United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006).

We reject Meryl's claim that the district court erred in denying his motion to suppress the firearm. Searches and seizures inside a residence without a warrant are presumptively unreasonable, absent probable cause and exigent circumstances. United States v. Santa, 236 F.3d 662, 668 (11th Cir. 2000). "Before a valid warrant may issue, an affidavit must be submitted to the court setting forth the necessary facts and circumstances whereby the judge may determine probable cause." United States v. Hawes, 529 F.2d 472, 480 (5th Cir. 1976).[1]

The exclusionary rule bars the use of evidence seized as the result of an illegal search by the government in a subsequent criminal prosecution. United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002). Under the good faith exception, however, "courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." Id. at 1312-13 (citing

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

United States v. Leon, 468 U.S. 897 (1984)).  The good faith exception applies in all but the following four circumstances:

> (1) where 'the magistrate or judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth'; (2) 'where the issuing magistrate wholly abandoned his judicial role . . .'; (3) where the affidavit supporting the warrant is 'so lacking in indicia of probable case as to render official belief in its existence entirely unreasonable'; and (4) where, depending upon the circumstances of the particular case, a warrant is 'so facially deficient -- i.e., in failing to particularize the place to be searched or the things to be seized -- that the executing officers cannot reasonable presume it to be valid.'

Id. at 1313 (citing Leon, 468 U.S. at 923).

To establish probable cause, the search warrant affidavit must state facts "sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched."  Id. at 1314 (quotation omitted).  In other words, the affidavit "must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched."  Id. (quotation omitted).  In reviewing whether the affidavit establishes probable cause, the magistrate must make a practical, common-sense decision whether, under all the circumstances set forth, there is a fair probability that contraband or evidence will be found.  United States v. Butler, 102 F.3d 1191, 1198 (11th Cir. 1997).

4

Information in the affidavit should "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Martin, 297 F.3d at 1314. Information that the defendant possesses contraband that is of the type that normally would be hidden at his residence may support a probable cause finding. See United States v. Jenkins, 901 F.2d 1075, 1080-81 (11th Cir. 1990).

Under the staleness doctrine, "information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir. 2000). However, there is no particular time limit for when information becomes stale and staleness must be judged on the particular facts of each case. Id. at 1265. In cases involving ongoing criminal activity, the passage of time is less important regarding a finding of probable cause. Id.

The record here shows that the search warrant affidavit established a fair probability that evidence of drug activity or drugs would be found at Meryl's residence. Several references were made in the affidavit to the fact that before and after Meryl conducted a couple of drug transactions with a confidential informant, he was at his residence, even though he moved residences between the two transactions. In addition, at the last meeting, a drug dog alerted to the presence of

drugs in Meryl's vehicle, and shortly after Meryl left, police found two ounces of cocaine under a vehicle that was parked next to his vehicle, in a location where he could have thrown it. This information -- including information regarding the first drug transaction -- was relevant and not stale because it supported the district court's findings that Meryl was involved in ongoing drug activity, see Bervaldi, 226 F.3d at 1265, and that Meryl did not have "some other base of operations" other than his residence. Combined with the district court's common-sense finding that "drug dealers are likely to keep evidence of their drug business at home," the district court's findings showed a fair probability that evidence of drug activity would be found at Meryl's residence. See Butler, 102 F.3d at 1198; Jenkins, 901 F.2d at 1080-81. Thus, probable cause supported the search warrant and the district court properly denied Meryl's suppression motion. And in any event, because there was no indication that the police acted recklessly or lacked a reasonable belief in the existence of probable cause, the district court properly denied the suppression motion according to the good faith exception. See Martin, 297 F.3d at 1313.

We also find no merit in Meryl's claim that the district court plainly erred applying the four-level enhancement for possession of a firearm in connection with another felony. The Sentencing Guidelines mandate a four-point offense level

6

enhancement if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The commentary from the Sentencing Commission explains that this enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing material, or drug paraphernalia" because "the presence of the firearm has the potential of facilitating another . . . offense." U.S.S.G. § 2K2.1 cmt. n.14(B).

The Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466 (2000), that any fact used to sentence a defendant beyond the statutory maximum, other than the fact of a prior conviction, must be proven beyond a reasonable doubt to a jury. See United States v. Thomas, 446 F.3d 1348, 1354 (11th Cir. 2006). Nonetheless, facts supporting a sentence enhancement need only be proven to a sentencing judge by a preponderance of the evidence if the defendant's sentence remains within the statutory sentencing range. See United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005). As the Supreme Court explained in United States v. Booker, 543 U.S. 220 (2005), "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Id. at 233. Furthermore, the district court may consider a defendant's relevant conduct,

including conduct for which he was acquitted, in finding by a preponderance of the evidence that such an enhancement is appropriate. Duncan, 400 F.3d at 1304-05. Indeed, "[t]he burden of establishing evidence of the facts necessary to support a sentencing enhancement falls on the government, and it must do so by a preponderance of the evidence." United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007).

The district court did not plainly err in enhancing Meryl's offense level four points under § 2K2.1(b)(6).[2] As the record shows, the district court properly found by a preponderance of the evidence that Meryl possessed a firearm in connection with another felony offense because of the proximity between the firearm and the drugs found in the same cabinet in his kitchen. See U.S.S.G. § 2K2.1(b)(6) & cmt. n.14(B). Taking into account this enhancement, neither Meryl's sentencing range nor his 37-month total sentence exceeded the statutory maximum sentences for Counts 1, 4 and 5, which were 20 years, 10 years, and 10 years, respectively. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(a)(2). The district court thus had the power to make the factual findings underlying the enhancement and it is irrelevant

---

[2] Meryl only challenged this enhancement in the district court on a factual basis, arguing that the facts did not support the enhancement. He has abandoned that argument on appeal in favor of the legal argument that the district court improperly applied the enhancement based on judge-found facts related to conduct for which he was not convicted. United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001). Because he did not raise this legal argument below, we review for plain error only. See Richardson, 166 F.3d at 1361.

whether some of those facts also related to one of the counts of which he was not convicted. See Duncan, 400 F.3d at 1304-05.

Moreover, because the district court did not err in applying the four-level firearm possession enhancement or calculating his guideline range, Meryl's suggestion that his sentence was unreasonable on these grounds must fail. And to the extent that Meryl suggests that a sentence outside of the guidelines range is presumptively unreasonable, this argument has been rejected explicitly by the Supreme Court. Rita v. United States, 127 S. Ct. 2456, 2467 (2007) ("[A]ppellate courts may not presume that every variance from the advisory Guidelines is unreasonable.").

**AFFIRMED.**