[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16197
Non-Argument Calendar

_____

D. C. Docket No. 00-00050-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CLARENCE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 12, 2009)

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Anthony Clarence Brown appeals his 24-month sentencing following the

revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e)(3).  Brown's

sentence was within the applicable guidelines range and was reasonable in light of the factors identified in 18 U.S.C. § 3553(a). We therefore AFFIRM his sentence.

## I. BACKGROUND

In 2000, Brown pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and was sentenced by the United States District Court for the Northern District of Georgia to 85 months of imprisonment, followed by four years of supervised release. In March 2007, Brown's probation officer filed a petition to modify the terms of Brown's supervised release. The petition alleged that Brown tested positive for cocaine and marijuana, failed to submit to subsequent urinalysis, and failed to work regularly. As a result, the district court modified the terms of Brown's supervised release to include drug treatment and 100 hours of community service.

In September 2007, the probation officer filed a subsequent petition requesting that Brown's supervised release be revoked based on a number of violations. The petition alleged, inter alia, that Brown (1) was arrested in 2006 on simple battery and in 2007 for driving on a suspended license, providing a false name, and failure to yield, (2) failed to report for office visits in August 2007 and failed to submit monthly supervision reports for at least seven months in 2007, (3) refused to answer questions about and did not report where he was residing, (4)

had not worked regularly since December 2006, (5) failed to submit to periodic urinalysis tests, and (6) did not report for drug treatment classes. Id. The district court held a hearing on this petition in October 2008, at which Brown explained to the court that he believed that he was not subject to the jurisdiction of the probation office. He stated his belief that the proceedings were "commercial" in nature and that he had settled all of the charges involved in his case in 2005. R2 at 35. The court asked Brown if he had an order discharging him from supervised release. Brown acknowledged that there was no such order but argued that he received no response on his motions seeking a discharge.[1]

After hearing these arguments, the court determined that it had jurisdiction to revoke Brown's supervised release. It found that Brown had violated five conditions of his supervised release, that he had committed a Grade B violation and had a criminal history category of V, and that his applicable guideline sentencing range was 18 to 24 months of imprisonment, with a statutory maximum of three years of imprisonment. The court sentenced him to 24 months of imprisonment and ruled out supervised release as not in his best interest, given that he previously failed to comply with it. Brown appealed this sentence.

---

[1] Though the record contains no motion seeking a discharge, there were multiple motions that Brown could have construed as requests to be discharged from supervised release. The court addressed only one of those motions, which it dismissed because it was unable to determine the precise nature of the motion or the legal grounds upon which it was based.

## II. DISCUSSION

On appeal, Brown argues that the district court's 24-month sentence was substantively unreasonable. His argument primarily stems from statements by the court indicating that it was concerned more with his failure to report to the probation office, a Grade C violation, than with his Grade B criminal violations. Since the range applicable to Grade C violations was 7 to 13 months, he asserts that his 24-month sentence was in excess of what would be necessary to address the § 3553(a) factors and the court's concerns.[2]

We review a sentence imposed upon the revocation of supervised release for reasonableness. See United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). In analyzing the substantive reasonableness of a sentence, we employ an abuse of discretion standard. See Gall v. United States, 552 U.S. __, 128 S. Ct. 586, 591, 597 (2007). Before we review the reasonableness of the district court's sentence, we first look at whether the court applied the correct advisory guidelines range. See United States v. Campbell, 473 F.3d 1345, 1349 (11th Cir. 2007) (per curiam). For sentences imposed upon revocation of supervised release, the guidelines are advisory, and we need find only that there

---

[2] Though Brown's argument could be seen as contesting the procedural reasonableness of his sentence, he specifically states that he is challenging the substantive reasonableness only. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006) (noting that a sentence may be either procedurally or substantively unreasonable).

was "some indication that the district court was aware of and considered" the guidelines. Id. (quotation marks and citation omitted). Additionally, as part of the reasonableness inquiry, we compare the sentence imposed to the statutory maximum. See, e.g., Sweeting, 437 F.3d at 1107.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." Id. Section 3553(a) provides that district courts, before imposing a sentence, must consider the following factors:

> (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the most effective correctional treatment or medical care; (5) the nature and circumstances of the offense; (6) the history and characteristics of the defendant; (7) the Sentencing Guidelines range; and (8) the need to avoid unwanted sentencing disparities.

United States v. McBride, 511 F.3d 1293, 1297 n.1 (11th Cir. 2007) (per curiam). The decision of how to weigh these various factors is left to the discretion of the district court, and we will find an abuse of discretion only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

5

outside the range of reasonable sentences dictated by the facts of the case." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks and citation omitted). Additionally, the court does not have to explicitly discuss each of these factors or state that it has considered them. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

When a district court imposes a sentence based upon revocation of supervised release, the guidelines range is based on both the classification of the conduct that resulted in the revocation and the criminal history category applicable to the defendant at the time he originally was sentenced to supervised release. See U.S.S.G. §§ 7B1.1, 7B1.4; Campbell, 473 F.3d at 1348–49. The recommended range for a Grade B violation and a criminal history category of V is 18 to 24 months of imprisonment. See U.S.S.G. § 7B1.4(a). The statutory maximum sentence for a defendant sentenced for a Grade B felony that revokes his supervised release is three years of imprisonment. See 18 U.S.C. § 3583(e)(3).

The district court's sentence here was substantively reasonable. At the revocation hearing, the court indicated that Brown had committed a Grade B violation and stated the applicable guidelines range for someone guilty of such an offense with a criminal history category of V. In determining the appropriate sentence, the court noted that Brown's conduct while on supervised release

6

indicated that he would be unable to complete such a release.  This statement, and others by the court, show that it considered the § 3553(a) factors in imposing Brown's sentence, in particular those factors relating to the most effective correctional treatment.  The court did not state explicitly that it had taken into account the alleged sincerity of Brown's beliefs in imposing sentence; however, it heard lengthy testimony from Brown on the subject, asked him questions in response, and rejected his contention, thereby showing that it considered the issue as part of the sentencing process.  Furthermore, Brown's sentence did not exceed the statutory maximum.

We also disagree with Brown's argument to the extent that he suggests his sentence was unreasonable because his conduct should have been classified as a Grade C violation.[3]  Though the district court's statements at the revocation hearing may indicate a greater concern for Brown's failure to report than for his Grade B felonies, this does not mean that sentencing him based on the latter meant that his sentence was "greater than necessary."  18 U.S.C. § 3553(a).  Furthermore, even assuming <u>arguendo</u> that Brown's conduct should have been classified as a

---

[3] Although Brown objected to the reasonableness of his sentence before the district court, he did not argue that his conduct should have been classified as a Grade C violation.  Ordinarily we evaluate sentencing issues not raised before the district court for plain error.  <u>See</u> <u>United States v. Richardson</u>, 166 F.3d 1360, 1361 (11th Cir. 1999).  However, we need not decide whether this misclassification issue should be treated as part of Brown's reasonableness objection, since the claim fails under an abuse of discretion standard as well.

Grade C violation, he did not show that the court erred in sentencing him beyond the range of 7 to 13 months of imprisonment prescribed for a Grade C violation and criminal history category of V. Since the guidelines ranges provided in U.S.S.G. § 7B1.4(a) are advisory, the district court was not required to impose a sentence within the recommended range. In this case, we cannot say that the district court's sentence was "outside the range of reasonable sentences dictated by the facts of the case," including Brown's criminal history and conduct while on supervised release. Clay, 483 F.3d at 743 (quotation marks and citation omitted). We therefore find Brown's 24-month sentence to be substantively reasonable and conclude that the district court did not abuse its discretion in imposing it.

### III. CONCLUSION

Brown appeals his 24-month sentence following the district court's revocation of his supervised release. The district court justified its sentence by referencing Brown's past criminal history and his failure to adhere to the terms of his supervised release, and the record indicates that the court, in imposing this sentence, considered and rejected the sincerity of Brown's beliefs about the jurisdiction of the probation office. Brown's sentence was therefore substantively reasonable and was not an abuse of the district court's discretion. We therefore AFFIRM his sentence.

**AFFIRMED.**