[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14278
Non-Argument Calendar

_____

D. C. Docket No. 07-00497-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS E. RAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Dennis Ray appeals his total sentence of 354 months' imprisonment,

imposed after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii), and one count of possession of a firearm in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Ray was sentenced to 294 months' imprisonment for the drug count and 60 months for the firearm count, to run consecutively.

## I. CRIME OF VIOLENCE DETERMINATION

The PSI initially assigned Ray a base offense level of 34, based on the drug amount, and subtracted three levels for acceptance of responsibility, making Ray's total offense level 31. The PSI, however, deemed that Ray was subject to an enhanced sentence because he qualified as a career offender under U.S.S.G. § 4B1.1. The PSI based this classification on Ray's predicate convictions of (1) conspiracy to possess with intent to distribute cocaine and (2) escape, which the PSI deemed a crime of violence. Concerning the latter conviction, the PSI states only that Ray "escaped from Federal Prison Camp, Atlanta, Georgia, on June 14, 1999. He turned himself in to the Tampa Police Department on June 18, 1999, informing them that he was a fugitive from Federal Prison Camp in Atlanta, Georgia." At sentencing, Ray explained that during his predicate escape offense, he had walked away from the prison camp and had voluntarily surrendered after a

2

weekend home visit. In the same proceeding, Ray's probation officer maintained that Ray had escaped by failing to return from work release.

On appeal, Ray argues that his prior federal escape conviction does not constitute a "crime of violence" within the meaning of the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1. He contends that his conduct does not constitute the purposeful, violent, and aggressive conduct required by Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Ray further argues that, despite our holding in United States v. Gay, 251 F.3d 950 (11th Cir. 2001), in light of the Supreme Court's recent decision in Chambers v. United States, 555 U.S. ___, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), his walkaway escape or failure to return from work release is not a "crime of violence." The government concedes that we should remand this case to allow the district court to determine whether Ray's prior federal escape conviction qualifies as a "crime of violence" within the meaning of the career offender provision of the Sentencing Guidelines.

We review de novo the district court's application and interpretation of the sentencing guidelines. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006). We also review de novo "the district court's decision to classify a defendant as a career offender pursuant to U.S.S.G. § 4B1.1." Id.

The sentencing guidelines deem a defendant to be a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The sentencing guidelines further clarify that a "crime of violence" is an offense, punishable by a prison term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1), (2).

Decisions regarding the "violent felony" provision of the Armed Career Criminal Act (ACCA) are useful when determining whether an offense is a crime of violence under U.S.S.G. § 4B1.1 "because of the similar definitions of a 'crime of violence' in the Guidelines and of a 'violent felony' in ACCA." United States v. Archer, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008). In determining whether a particular offense constitutes a violent felony in ACCA, the Supreme Court "examine[s] it in terms of how the law defines the offense and not in terms of how

4

an individual offender might have committed it on a particular occasion." Begay, 553 U.S. ___, 128 S.Ct. at 1584. In Begay, the Court used this categorical approach to hold that driving under the influence is not a violent felony under ACCA. Id. at ___, 128 S.Ct. at 1588. Thus, whether Ray's conduct is a "crime of violence" under the Guidelines turns on whether such conduct in general is categorized as a "crime of violence."

The federal escape statute of 1999, the year in which Ray committed the escape, provided in pertinent part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner [United States magistrate judge], or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 751 (1999).

Although we have not addressed whether a violation of the federal escape statute constitutes a "crime of violence" under the Guidelines, we have held that a violation of the Georgia escape statute constitutes such a crime. Gay, 251 F.3d at 952. A person violates the Georgia escape statute when he or she is confined and

"intentionally escapes from lawful custody or from any lawful place of lawful confinement," or "intentionally fails to return as instructed to lawful custody." O.C.G.A. § 16-10-52(a)(1), (5); Gay, 251 F.3d at 952. In Gay, we held that, a prior escape conviction under the Georgia statute "qualifies as a crime of violence under the career offender guideline" even if it only "involves a walk-away from unsecured correctional facilities." Gay, 251 F.3d at 954-55 (internal quotations omitted). The rationale was that escape presents a potential risk of violence if authorities attempt to recapture the prisoner. Id. at 954.

In Chambers, the Supreme Court addressed the issue of whether a failure to report for penal confinement involves conduct that presents a serious potential risk of physical injury to another, and thus is a violent felony pursuant to the ACCA. Chambers, 555 U.S. ___, 129 S.Ct. at 689 (internal quotations omitted). The defendant in Chambers was sentenced to 11 weekends in prison and "failed to report for weekend confinement" on 4 occasions. Id. at ___, 129 S.Ct. at 690. He was subsequently convicted of "failing to report to a penal institution," in violation of an Illinois statute. Id. (internal brackets omitted). The Court used Begay's categorical approach, but noted that the statute placed together in a single numbered section several different kinds of behavior, including escape and failure to report. Id. at ___, 129 S.Ct. at 691. The Court then separately categorized the

6

crimes of escape and failure to report, determining that "[t]he behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Id. The Court held that failure to report is a "form of inaction" that does not constitute the "purposeful, violent, and aggressive conduct" at issue when an offender commits one of the enumerated offenses of arson, using explosives, or burglary of a residence. Id. at ___, 129 S.Ct. at 692 (internal quotations omitted). The Court concluded that a failure to report is not a violent felony under the ACCA. Id. at ___, 129 S.Ct. at 693.

In this case, we need not decide whether Ray's behavior constituted a "crime of violence" in light of Chambers. The government concedes that this case should be remanded to allow the district court to determine whether Ray's prior federal escape conviction qualifies as such a crime within the meaning of the career offender provision. The district court did not reach whether Chambers had any effect on the categorization of Ray's federal escape conviction, as Chambers at that time was pending before the Supreme Court. Accordingly, consistent with the Government's concession, we vacate the judgment of the district court with respect to its career offender determination and remand to the district court for reconsideration of that issue in light of Chambers.

## II. 18 U.S.C. § 924(c) DETERMINATION

Relying on the text of 18 U.S.C. § 924(c)(1)(A), Ray also argues that the district court erred by imposing a consecutive five-year sentence for his firearm conviction. The government argues that Ray's appeal of this issue should be dismissed because he waived his right to appeal his sentence in his plea agreement. We review the validity of a sentence appeal waiver de novo. United States v. Weaver, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). A sentence appeal waiver will only be enforced if the waiver was knowing and voluntary. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). For a sentence appeal waiver to be knowing and voluntary, the government must show that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record is "manifestly clear" that the defendant otherwise understood the significance of the appeal waiver. Weaver, 275 F.3d at 1333; Bushert, 997 F.2d at 1351.

In this case, it is clear that Ray knowingly and voluntarily waived his right to appeal this issue.[1] The district court specifically questioned Ray about the appeal waiver during the plea colloquy, including asking whether Ray understood that the

---

[1] The only exceptions to Ray's appeal waiver are if (1) the sentence exceeds the guideline range as determined by the court under the guidelines, (2) the sentence exceeds the statutory maximum penalty of life in prison, or (3) the sentence violates the Eighth Amendment to the Constitution which prohibits excessive fines and cruel and unusual punishment.

appeal waiver meant he could not challenge the way the court calculated his sentence. Ray agreed that he understood the appeal waiver and its implications. Therefore, the appeal waiver is enforceable. As a result, Ray cannot challenge his sentence on appeal with regard to this issue.[2]

Alternatively, Ray's appeal of this issue cannot succeed because he cannot establish plain error. "A sentencing issue not raised in the district court is reviewed for plain error[.]" United States v. Richardson, 166 F.3d 1360, 1361 (11th Cir. 1999). To prove plain error, a defendant must show: "(1) error, (2) that is plain and (3) that affects substantial rights." United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). We have held that an error cannot be "plain" unless it is "clear under current law." United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999). Thus, where neither we nor the Supreme Court has ever directly resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue. See id. at 587-88.

The relevant section of 18 U.S.C. § 924(c) states:

> Except to the extent that a greater minimum sentence is
> otherwise provided by this subsection or by any other provision
> of law, any person who, during and in relation to any crime
> of violence or drug trafficking crime (including a crime of

---

[2] Although the Chambers issue is seemingly also barred by the appeal waiver, prior to Ray's sentencing hearing, the United States Attorney's Office agreed to waive enforcement of the appeal waiver solely as to the issue of whether Ray qualified as a career offender.

violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). Neither we nor the Supreme Court has ever interpreted the "except clause" of 924(c), and other circuits are split on the scope of the clause. Therefore, the interpretation of the "except clause" is not "clear under current law" as required by the first prong of the plain error test, and there can be no plain error on this issue. Humphrey, 164 F.3d at 588.

## III.  CONCLUSION

Upon review of the record and consideration of the parties' briefs, we affirm in part, and vacate and remand in part for further proceedings.

AFFIRMED in part, VACATED AND REMANDED in part.