[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12773
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00019-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIAN COKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 12, 2011)

Before CARNES, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Julian Coker appeals his 188-month sentence imposed following his guilty

plea to possession with intent to distribute more than 5 grams of crack cocaine, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On appeal, Coker contends that his sentence, which fell at the bottom of the advisory guideline range, was procedurally and substantively unreasonable because the district court failed to consider certain mitigating evidence, failed to adequately explain its rationale for imposing the chosen sentence, effectively treated the Guidelines as mandatory, and selected a sentence that was excessively harsh and greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).[1] Coker further argues that the district court plainly erred in failing to verify, pursuant to Fed.R.Crim.P. 32(i)(1)(A), that he had an opportunity to review and discuss the presentence investigation report with counsel. However, Coker did not object to the alleged error before the district court.

We review the procedural and substantive reasonableness of a sentence for an abuse of discretion. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). Other sentencing issues that are not raised before the district court, including alleged violations of Rule 32, are reviewed only for plain error. *See United States v. Richardson*, 166 F.3d 1360, 1361 (11th Cir. 1999); *United States*

---

[1] By separate order, we have denied the government's motion to dismiss the appeal pursuant to the sentence appeal waiver contained in Coker's plea agreement. For purposes of this appeal, we treat the waiver as unenforceable and proceed to address the merits of Coker's substantive claim.

*v. Dorman*, 488 F.3d 936, 942 (11th Cir. 2007). To establish plain error, a defendant must show (1) an error, (2) that is plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness of the judicial proceedings. *United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010).

A sentence may be procedurally unreasonable if the district court failed to accurately calculate the advisory guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the reasons for the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).

A district court need not, however, explicitly address or discuss each § 3553(a) sentencing factor. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.* This principle is particularly true in a typical case involving a sentence within the advisory guideline range, where "the district court is not required to give a lengthy explanation for its sentence." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). We have also explained that a district

3

court's failure to mention or discuss mitigating evidence relevant to § 3553(a) does not mean that it erroneously ignored or failed to consider such evidence in fashioning a sentence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Once we ensure that a sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence under the totality of the circumstances, including whether the sentence is supported by the § 3553(a) factors. *Gonzalez*, 550 F.3d at 1324. The statutory factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need for adequate deterrence and to protect the public; and (5) the sentencing guideline range. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *Amedeo*, 487 F.3d at 832 (quotation and alterations omitted).

We ordinarily expect a sentence within the guideline range to be reasonable, and the party challenging the sentence bears the burden of establishing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v.*

*Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  We have recognized that "there is a range of reasonable sentences from which a district court may choose," and the fact that we might reasonably concluded that a different sentence is appropriate is not sufficient to justify reversal.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted).  Rather, we will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted), *cert. denied*, __ S.Ct. __, 79 U.S.L.W. 3361 (U.S. Apr. 4, 2011).

In light of the record, Coker has failed to demonstrate that his sentence was procedurally unreasonable, or that the district court committed any other procedural error warranting reversal.  Under plain-error review, Coker has not established that the district court's failure to verify that he read and discussed the presentence investigation report with counsel, even if plainly erroneous, affected his substantial rights.  Moreover, the sentence was procedurally reasonable because the district court overtly acknowledged that the Guidelines were merely advisory, listened to Coker's arguments in favor of mitigation, and expressly

5

indicated that it had considered the § 3553(a) factors in light of the totality of the circumstances. Likewise, Coker has failed to carry his burden of demonstrating that his sentence was substantively unreasonable. Given the nature and circumstances of the offense, Coker's personal history and characteristics, and the need to provide adequate deterrence and promote respect for the law, the district court did not commit a clear error in judgment in determining that the § 3553(a) factors warranted a sentence at the low end of the advisory guideline range. Accordingly, upon review of the record and the parties' briefs, we affirm the sentence.

**AFFIRMED.**