**CLD-038**                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3681
_____

TERRY MIDDLETON,
Appellant

v.

DAVID J. EBBERT

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-02154)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 13, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Terry Middleton appeals pro se from an order of the United States District Court

for the Middle District of Pennsylvania dismissing for lack of jurisdiction his habeas

petition filed pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's decision. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On October 2, 1988, Middleton was involved in an automobile accident while driving under the influence of alcohol. The police found guns and ammunition in his car. Because Middleton's prior criminal record included several felony convictions, he was indicted on one count of being a felon in possession of firearms. 18 U.S.C. § 922(g). In 1990, a jury in the United States District Court for the Northern District of Florida found Middleton guilty. At sentencing, the District Court classified Middleton as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(e), based on the following four Florida state court convictions:

(1) Battery of a law enforcement officer;
(2) Attempted second degree murder;
(3) Armed robbery; and
(4) Breaking and entering with the intent to commit a felony

Middleton's conviction and sentence were affirmed on direct appeal. United States v. Middleton, 978 F.2d 719 (11th Cir. 1992). In December 1993, Middleton filed a motion pursuant to 28 U.S.C. § 2255 in the Northern District of Florida. The District Court denied the motion and the United States Court of Appeals for the Eleventh Circuit affirmed. Middleton v. United States, 110 F.3d 797 (11th Cir. 1997). Middleton then filed a motion pursuant to Federal Rule of Civil Procedure 60(b). The District Court dismissed the motion for lack of jurisdiction, the Eleventh Circuit Court of Appeals denied a certificate of appealability, and the United States Supreme Court denied

2

certiorari.  Middleton v. United States, 546 U.S. 863 (2005).

In 2005, Middleton filed in the Eleventh Circuit Court of Appeals an application under 28 U.S.C. § 2244 to file a second or successive § 2255 motion.  In the application, Middleton argued that it was improper to use his armed robbery conviction to enhance his sentence under the ACCA.  In support of this assertion, Middleton relied on United States v. Richardson, 166 F.3d 1360 (11th Cir. 1999), wherein the Eleventh Circuit Court of Appeals held that, under the ACCA, "a conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for that violation."  Id. at 1361.  Middleton committed the armed robbery in April 1989.  Therefore, the armed robbery conviction necessarily occurred after the "felon in possession" violation, which occurred in October 1988.  The Eleventh Circuit denied Middleton's § 2244 application, holding that Richardson "does not constitute a new rule of law within the meaning of the statute because it was not decided by the U.S. Supreme Court."

In 2007, Middleton filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York.  He again argued that, under Richardson, his armed robbery conviction could not qualify as a predicate offense because it occurred after the § 922(g) violation.   The District Court denied the petition, holding that "§ 2255's savings clause does not apply to this case."  After Middleton's motion for reconsideration was denied, the Second Circuit Court of Appeals affirmed the judgment.  Middleton v. Schult, No. 07-2770-pr, 299 F. App'x 94, at *2 (2d Cir. Nov. 10,

3

2008) (holding that "Middleton's sentencing enhancement claim could have been pursued earlier and his § 2241 petition should be dismissed for lack of jurisdiction.").

Middleton filed the present § 2241 petition in 2010, arguing that he is "actually innocent" of being a career offender. Relying again on Richardson, Middleton claimed that his armed robbery conviction could not serve as a predicate for the ACCA sentence enhancement because that conviction occurred after the § 922(g) conviction.[1] The District Court dismissed the petition for lack of jurisdiction, rejecting Middleton's assertion that a § 2255 motion was an inadequate or ineffective remedy. Middleton appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test

---

[1] Middleton also alleged that his conviction for battery of a law enforcement officer does not constitute a "violent felony" under the ACCA because the Florida offense of battery does not have as an element the use of physical force. Johnson v. United States, 130 S. Ct. 1265 (2010) (holding that a conviction for battery in Florida does not constitute a "violent felony" under the ACCA). We need not address this argument, however. As discussed below, Middleton has failed to establish that his remedy under § 2255 was inadequate or ineffective to challenge the sentencing court's determination that his armed robbery conviction qualified as the third requisite violent felony necessary for career

4

the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, we allowed a petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which he had been convicted, and he had no earlier opportunity to challenge that conviction. Dorsainvil, 119 F. 3d at 251.

Middleton's challenge to his sentence under Richardson is not the rare situation rendering § 2255 inadequate or ineffective. In Richardson, the Eleventh Circuit Court of Appeals considered the meaning of the phrase "previous convictions" in 18 U.S.C. § 924(e)(1). Richardson, 166 F.3d at 1361. Section 924(e)(1) provides for an enhanced sentence "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Richardson, who was convicted in 1997 for being a felon in possession of a firearm, was sentenced as a career

offender status under the ACCA.

5

offender under § 924(e)(1), based in part on a 1996 drug conviction that occurred after his arrest but before his conviction on the § 922(g) violation. Id. at 1361. On direct appeal, the Eleventh Circuit vacated Richardson's sentence, holding that "the only reasonable interpretation" of the relevant language in § 924(e)(1) is that "a conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for that violation." Id. (citation omitted).

Importantly, Richardson's interpretation of "previous convictions" under § 924(e)(1) did not render non-criminal any of Middleton's conduct and did not make him "actually innocent" of the career offender sentence enhancement. Moreover, we note that this interpretation of "previous convictions" existed prior to Middleton's § 2255 proceedings. See, e.g., United States v. Balascsak, 873 F.2d 673, 679 (3d Cir. 1989) (interpreting the predecessor to § 924(e) and stating that "the only reading of the statute which gives meaning to all the terms used by Congress is that the three prior convictions . . . must have occurred prior to the time the defendant received the firearm."). Thus, we conclude that the exception identified in In re Dorsainvil is inapplicable here, and Middleton may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

6